UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT GENE WELLS,
    Plaintiff,

v.                                      CASE NO.: 5:21-cv-00019

TOMMY FORD, in his official capacity as
SHERIFF of BAY COUNTY, and RICK ANGLIN,
In his supervisor capacity

    Defendants.

---

**DEFENDANT SHERIFF'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

    Defendant, Sheriff Tommy Ford, in his official capacity as Sheriff of Bay County, Florida, (hereinafter, "Sheriff"), hereby files his Answer and Defenses to Plaintiff's Amended Complaint [ECF 13] and states:

    1.    Admitted for jurisdictional purposes only. The remainder of the allegation is denied.

    2.    Admitted for jurisdictional purposes only. The remainder of the allegation is denied.

    3.    Without knowledge; therefore, denied.

    4.    Admitted.

5. Admitted that at all relevant and material time, Defendant, Anglin, has been an employee of the Sheriff. The remainder of the allegation is denied.

6. Without knowledge; therefore, denied.

7. Without knowledge; therefore, denied.

8. Without knowledge; therefore, denied.

9. Without knowledge; therefore, denied.

10. Without knowledge; therefore, denied.

11. Without knowledge; therefore, denied.

12. Without knowledge; therefore, denied.

13. Without knowledge; therefore, denied.

14. Without knowledge; therefore, denied.

15. Denied.

16. Denied.

17. Without knowledge; therefore, denied.

18. Admitted that there is a video that depicts an incident involving the Plaintiff while he was incarcerated at the Bay County Jail. As to the remainder of the allegation, denied.

19. Without knowledge; therefore, denied.

20. Admitted that a probable cause affidavit was prepared by Marc Bailey. As to the remainder of the allegation, without knowledge; therefore, denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

**COUNT I – DELIBERATE INDIFFERENCE FAILURE TO PROTECT – FOURTEENTH AMENDMENT**

26. The Sheriff realleges and incorporates by reference his answers to Paragraphs 1 – 25 above.

27. Admitted for jurisdictional purposes only. The remainder of this allegation is denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

**COUNT II – DELIBERATE INDIFFERENCE FAILURE TO PROTECT-FOURTEENTH AMENDMENT (against Anglin as the supervisor over the jail)**

44.-57.  Contemporaneous with the filing of the Sheriff's Answer and Defenses, the Defendant, Rick Anglin, is filing a Motion to Dismiss Counts II and IV of the Plaintiff's Amended Complaint.  To the extent, if any, Plaintiff attempts to assert a claim against the Sheriff in Count II, these allegations are denied.

### COUNT III – DELIBERATE INDIFFERENCE TO MEDICAL NEEDS – FOURTEENTH AMENDMENT (against Defendant Sheriff)

58.  The Sheriff realleges and incorporates by reference his answers to Paragraphs 1 – 25 above.

59.  Admitted for jurisdictional purposes only.  The remainder of this allegation is denied.

60.  Denied.

61.  Denied.

62.  Denied.

63.  Denied.

64.  Denied.

65.  Denied.

66.  Denied.

67.  Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

**COUNT IV – DELIBERATE INDIFFERENCE TO MEDICAL NEEDS-FOURTEENTH AMENDMENT (against Anglin)**

76.-88. Contemporaneous with the filing of the Sheriff's Answer and Defenses, the Defendant, Rick Anglin, is filing a Motion to Dismiss Counts II and IV of the Plaintiff's Amended Complaint. To the extent, if any, Plaintiff attempts to assert a claim against the Sheriff in Count II, these allegations are denied.

**COUNT V –**
**COMMON LAW NEGLIGENT TRAINING**
**(against Defendant Sheriff)**

89. The Sheriff realleges and incorporates by reference his answers to Paragraphs 1 – 25 above.

90. Admitted that Plaintiff's Amended Complaint attempts to allege a cause of action against the Sheriff based upon common law negligent training. The remainder of this allegation is denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

## COUNT VI –
## COMMON LAW NEGLIGENCE
## (against Defendant Sheriff)

95. The Sheriff realleges and incorporates by reference his answers to Paragraphs 1 – 25 above.

96. Admitted that Plaintiff's Amended Complaint attempts to allege a cause of action against the Sheriff based upon common law negligence. The remainder of this allegation is denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

## COUNT VII
## VIOLATIONS OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT
## (Against Defendant Sheriff)

104. The Sheriff realleges and incorporates by reference his answers to Paragraphs 1 – 25 above.

105. Denied.

106. Denied.

107. Denied.

108. Admitted.

109. Without knowledge;  therefore, denied.

110. Without knowledge; therefore, denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

## **DEFENSES**

1. The Plaintiff's Amended Complaint fails to state a cause of action against the Sheriff.

2. No alleged acts or omissions of the Sheriff rose to the level of deliberate indifference to Plaintiff's constitutional rights as Plaintiff attempts to allege in Counts I and III of the Plaintiff's Amended Complaint.

3. None of the complained-of actions were due to any custom, policy, or practice of the Sheriff, nor were they undertaken by anyone with final decision-making authority.

4. The Sheriff cannot be held liable on Plaintiff's §1983 claim under a theory of *Respondeat Superior.*

5. Plaintiff has failed to plead any causal relationship between any action by the Sheriff or his agents and any deprivation of Plaintiff's civil or constitutional rights.

6. No history of widespread abuse existed at the date of the incident in question sufficient to put the Sheriff on notice of the likelihood of any failure to follow written policies or constitutional violations.

7. Plaintiff has not pled nor can he prove that the Sheriff was on notice of any patterns, practices, customs, policies, or procedures that deprived or had the potential to deprive Plaintiff of any civil or constitutional rights.

8. Plaintiff has failed to plead that the Sheriff had any actual or constructive notice of a serious medical need and failed to take timely appropriate action.

9. The Sheriff has not promoted any policies, nor engaged in any practices or patterns of behavior, which would have made the alleged

incident more likely to occur, or which condoned or approved of any alleged improper action taken on the part of any party hereto.

10. The conduct of the Sheriff's agents was not the proximate cause of any injury to the Plaintiff and any injury to the Plaintiff was caused wholly or in part by actions or omissions of the Plaintiff or other third parties.

11. Even if the allegations in the Plaintiff's Amended Complaint were true, such allegations reflect nothing more than mere negligence for which the Sheriff cannot be held liable under §1983.

12. Plaintiff has failed to mitigate his damages.

13. Plaintiff's claims in Counts V and VI are subject to the limits of liability set forth in §768.28(5), Florida Statutes.

14. As to Counts V and VI, to the extent, if any, that any actions of the agents of the Sheriff were willful, wanton, or malicious, the Sheriff is entitled to Sovereign Immunity from any state law tort claims pursuant to §768.28(9), Florida Statutes.

15. The Sheriff is entitled to a set-off of any damages due to collateral sources.

16. To the extent that Plaintiff is asserting a claim for medical negligence in Counts V and VI, Plaintiff has failed to plead satisfaction of the

pre-suit notice and procedural requirements of Chapter 766, Florida Statutes.

17. As to Counts V and VI, to the extent that Plaintiff's own negligence was the proximate cause of any damages allegedly sustained, Plaintiff's recovery should be diminished comparatively with the degree of Plaintiff's own negligence.

18. Plaintiff is not entitled to recover attorney's fees on his claims set forth in Count Counts V and VI.

19. None of the complained-of actions were due to any custom, policy, or practice of the Sheriff, nor were they undertaken by anyone with final decision-making authority. Likewise, the Sheriff has not promoted any policies, nor engaged in any practices or patterns of behavior, which would have made the alleged incident more likely to occur, or which condoned or approved of any alleged improper action taken on the part of any party hereto.

20. Plaintiff was provided with reasonable medical care and treatment.

21. Plaintiff has failed to identify and establish any lack of training or supervision which was a legal cause of any of Plaintiff's alleged injuries or damages.

22. Plaintiff has failed to identify any notice to the Sheriff regarding any lack of training or supervision that could result in injuries to the Plaintiff or any deprivation of civil or constitutional rights.

23. As to the state law claims the actions of Sheriff's employees did not create a foreseeable zone of risk.

24. As to the state law claims the Sheriff owed no duty of care to Plaintiff individually to properly train or supervise its employees.

25. To the extent, if any, that the Plaintiff seeks to hold the Sheriff liable on the basis of supervisory liability, the Sheriff is not liable because a reasonable person, under the circumstances, would not know that the conduct alleged infringed on any constitutional right of the Plaintiff and that his or her conduct was causally related to any constitutional violation committed by any subordinates.

26. The Sheriff cannot be liable for negligent training and supervising any employees of the Sheriff because such actions are policy-making activities and immune from suit under the sovereign immunity provisions of Section 768.28, Florida Statutes.

27. To the extent, if any, that Plaintiff's negligence was the proximate cause of any damages allegedly sustained, Plaintiff's recovery should be diminished comparatively with the degree of Plaintiff's own negligence.

28. No alleged acts or omissions of the Sheriff rose to the level of deliberate indifference to Plaintiff's constitutional rights.

29. Plaintiff has failed to plead that the Sheriff had any actual or constructive notice of any deficiency in any policy or procedure which could cause a violation of the Plaintiff's rights.

30. The Plaintiff has failed to state a cause of action against the Sheriff for negligent training in that the Plaintiff has failed to plead any facts to prove that the Sheriff was negligent in the implementation or undertaking of any training program.

31. No history of widespread abuse existed at the date of the incident in question sufficient to put the Sheriff on notice of the likelihood of any civil or constitutional violations.

32. With regard to the state law claims, to the extent that Plaintiff's alleged injuries were caused by the criminal acts of any third party, any non-economic damages suffered by Plaintiff should be reduced by the pro rata share of fault attributable to that party. In accordance with case law and

statutory provisions, the Sheriff informs Plaintiff that the third parties known at this time are Travis Bell and Diontez McCoy who were at all times inmates.

33. The actions described in the complaint are criminal acts by Travis Bell, said criminal acts serve as an intervening and superseding cause breaking the chain of causation as to any liability attributable to the Sheriff.

34. The Sheriff owed no duty of care to Plaintiff with respect to the criminal act committed by a third party.

35. The Sheriff did not know or have reason to know of any fact or circumstance which would have altered the conditions of confinement of Plaintiff which exposed Plaintiff to any danger or risk of injury not otherwise inherent in his confinement.

36. The classification and placement of inmates is a discretionary planning level function of the Sheriff to which sovereign immunity applies.

37. Plaintiff has failed to plead any facts which would support a claim that the Sheriff was on notice to any need for training and deliberately indifferent to the need for training by choosing to deliberately not take action to train in areas where known or obvious consequences existed.

38. "In order to state a Title II claim, a plaintiff generally must prove (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability."  Bircoll v. Miami-Dade Cty., 480 F.3d 1072, 1083 (11th Cir.2007) (citing 42 U.S.C. §12132).  Plaintiff has failed to state a cause of action for the Sheriff's alleged violation of the ADA.

39. A necessary prerequisite to a successful claim under Title II is that a disabled person be denied the benefits of a service, program, or activity by the public entity that provides such service, program, or activity. Hainze v. Richards, 207 F.3d 795 (5th Cir.2000).  Plaintiff has failed to meet this prerequisite.

## Demand for Jury Trial

Defendant Sheriff hereby demands trial by jury on all issues so triable.

DATED this 5th day of March 2021.

WARNER LAW FIRM, P. A.
***/s/ Jennifer Hawkins***
JENNIFER HAWKINS
Florida Bar No. 17694
501 W. 11th St. Suite A
Panama City, FL  32401
Phone No. (850) 784-7772
pleadings@warnerlaw.us
*Counsel for Defendants,*
*Ford and Anglin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed via CM/ECF this 5th day of March 2021, which will send notice to all counsel of record.

***/s/ Jennifer Hawkins***
JENNIFER HAWKINS
Florida Bar No. 17694