UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT GENE WELLS,
    Plaintiff,

v.                                                                         CASE NO.:  5:21-cv-00019

TOMMY FORD, in his official capacity as
SHERIFF of BAY COUNTY, and RICK ANGLIN,
In his supervisor capacity

    Defendants.

---

### DEFENDANT ANGLIN ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Rick Anglin, in his supervisor capacity, hereby files his Answer and Defenses to Plaintiff's Amended Complaint [ECF 13, Count II] and states:

1. Admitted for jurisdictional purposes only.  The remainder of the allegation is denied.

2. Admitted for jurisdictional purposes only.  The remainder of the allegation is denied.

3. Without knowledge; therefore, denied.

4. Admitted.

5. Admitted that at all relevant and material time, Defendant, Anglin, has been an employee of the Sheriff. The remainder of the allegation is denied.

6. Without knowledge; therefore, denied.

7. Without knowledge; therefore, denied.

8. Without knowledge; therefore, denied.

9. Without knowledge; therefore, denied.

10. Without knowledge; therefore, denied.

11. Without knowledge; therefore, denied.

12. Without knowledge; therefore, denied.

13. Without knowledge; therefore, denied.

14. Without knowledge; therefore, denied.

15. Denied.

16. Denied.

17. Without knowledge; therefore, denied.

18. Admitted that there is a video that depicts an incident involving the Plaintiff while he was incarcerated at the Bay County Jail. As to the remainder of the allegation, denied.

19. Without knowledge; therefore, denied.

20. Admitted that a probable cause affidavit was prepared by Marc Bailey. As to the remainder of the allegation, without knowledge; therefore, denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

### COUNT I – DELIBERATE INDIFFERENCE FAILURE TO PROTECT – FOURTEENTH AMENDMENT (Sheriff)

26. – 43. Plaintiff's allegations set forth in paragraphs 26 through 43 pertain to a claim asserted against Defendant Sheriff only, therefore Defendant Anglin is not required to respond. However, to the extent, if any, that the Plaintiffs are attempting to assert a claim against Defendant Anglin in this Count, these allegations are denied.

## COUNT II – DELIBERATE INDIFFERENCE FAILURE TO PROTECT-FOURTEENTH AMENDMENT (against Anglin as the supervisor over the jail)

44. Defendant Anglin realleges and incorporates by reference his answers to Paragraphs 1-25 above.

45. Admitted for jurisdictional purposes only. The remainder of this allegation is denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT III – DELIBERATE INDIFFERENCE TO MEDICAL NEEDS – FOURTEENTH AMENDMENT (against Defendant Sheriff)

58. – 75.   Plaintiff's allegations set forth at paragraphs 58 through 75 pertain to a claim asserted against Defendant Sheriff only, therefore Defendant Anglin is not required to respond.  However, to the extent, if any, that the Plaintiffs are attempting to assert a claim against Defendant Anglin in this Count, these allegations are denied.

## COUNT IV – DELIBERATE INDIFFERENCE TO MEDICAL NEEDS- FOURTEENTH AMENDMENT (against Anglin)

76.-88.   This Count was dismissed by Order of the Court. [ECF. No. 22].

## COUNT V – 
## COMMON LAW NEGLIGENT TRAINING
## (against Defendant Sheriff)

89. - 94. Plaintiff's allegations set forth in paragraphs 89 through 94 pertain to a claim asserted against Defendant Sheriff only, therefore Defendant Anglin is not required to respond.  However, to the extent, if any, that the Plaintiffs are attempting to assert a claim against Defendant Anglin in this Count, these allegations are denied.

## COUNT VI –
## COMMON LAW NEGLIGENCE
### (against Defendant Sheriff)

95. - 103. Plaintiff's allegations set forth in paragraphs 95 through 103 pertain to a claim asserted against Defendant Sheriff only, therefore Defendant Anglin is not required to respond.  However, to the extent, if any, that the Plaintiffs are attempting to assert a claim against Defendant Anglin in this Count, these allegations are denied.

## COUNT VII
## VIOLATIONS OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT
### (Against Defendant Sheriff)

104. - 122. Plaintiff's allegations set forth in paragraphs 104 through 122 pertain to a claim asserted against Defendant Sheriff only, therefore Defendant Anglin is not required to respond.  However, to the extent, if any, that the Plaintiffs are attempting to assert a claim against Defendant Anglin in this Count, these allegations are denied.

## **DEFENSES**

1. Anglin does not have final policymaking authority at the Bay County Jail.

2. The Plaintiff's Amended Complaint fails to state a cause of action against Anglin.

3. No alleged acts or omissions of Anglin rose to the level of deliberate indifference to Plaintiff's constitutional rights as Plaintiff attempts to allege in Count II of the Plaintiff's Amended Complaint.

4. Anglin did not participate in any unconstitutional conduct which caused injury to the Plaintiff.

5. None of the complained-of actions were due to any custom, policy, or practice of Anglin, in his supervisory capacity, which resulted in deliberate indifference arising from a failure to protect Plaintiff.

6. Anglin was not subjectively aware that Plaintiff was vulnerable to attack due to his disabilities.

7. Anglin was not subjectively aware that Inmate Bell and Inmate McCoy had plans or an "agenda" to harm Plaintiff.

8. Anglin cannot be held liable on Plaintiff's §1983 claim under a theory of *Respondeat Superior.*

9. Plaintiff has failed to establish any causal relationship between any action by Anglin and any deprivation of Plaintiff's civil or constitutional rights.

10. Plaintiff has not pled nor can he prove Anglin was on notice of any patterns, practices, customs, policies, or procedures that deprived or had the potential to deprive Plaintiff of any civil or constitutional rights.

11. Anglin has not promoted any policies, nor engaged in any practices or patterns of behavior, which would have made the alleged incident more likely to occur, or which condoned or approved of any alleged improper action taken on the part of any party hereto.

12. The conduct of Anglin's agents was not the proximate cause of any injury to the Plaintiff and any injury to the Plaintiff was caused wholly or in part by actions or omissions of the Plaintiff or other third parties.

13. The actions of Anglin do not rise to the level of culpability required to establish deliberate indifference under 42 U.S.C. §1983.

14. Plaintiff has failed to mitigate his damages.

15. Anglin is entitled to a set-off of any damages due to collateral sources.

16. None of the complained-of actions were due to any custom, policy, or practice of Anglin, as he is not the final policymaker, nor were they undertaken by anyone with final decision-making authority. Likewise, the Anglin, in his supervisory capacity, has not promoted any policies, nor engaged in any practices or patterns of behavior, which would have made the alleged incident more likely to occur, or which condoned or approved of any alleged improper action taken on the part of any party hereto.

17. To the extent that the Plaintiff seeks to hold Anglin liable on the basis of supervisory liability, Anglin is not liable because a reasonable person, under the circumstances, would not know that the conduct alleged infringed on any constitutional right of the Plaintiff and that his or her conduct was causally related to any constitutional violation committed by any subordinates.

18. Plaintiff has failed to plead that Anglin had any actual or constructive notice of any deficiency in any policy or procedure which could cause a violation of the Plaintiff's rights, nor that he had any control over the policy or procedure, as Anglin is not the final policymaker.

19. No history of widespread abuse existed at the date of the incident in question sufficient to put Anglin, in his supervisory capacity, on notice of the likelihood of any civil or constitutional violations.

20. The actions described in the complaint are criminal acts by Bell and/or McCoy, said criminal acts serve as an intervening and superseding cause breaking the chain of causation as to any liability attributable to Anglin.

21. Plaintiff has failed to plead that Anglin had actual knowledge of prior PREA complaints with regard to Bell and or/McCoy involving any other inmate and or involving the Plaintiff.

22. Anglin owed no duty of care to Plaintiff with respect to the criminal act committed by a third party.

23. Anglin did not know or have reason to know of any fact or circumstance which would have altered the conditions of confinement of Plaintiff which exposed Plaintiff to any danger or risk of injury not otherwise inherent in his confinement.

24. The classification and placement of inmates is a discretionary planning level function of the Sheriff/Anglin (in his supervisory capacity) to which sovereign immunity applies. Again, Anglin is not the final policymaker, that role is reserved for the Sheriff.

25. Anglin is immune from liability based upon the doctrine of qualified immunity.

## **Demand for Jury Trial**

Defendant Anglin hereby demands trial by jury on all issues so triable.

DATED this 28th day of June 2021.

WARNER LAW FIRM, P. A.
***/s/ Jennifer Hawkins*** 
JENNIFER HAWKINS
Florida Bar No. 17694
501 W. 11th St. Suite A
Panama City, FL  32401
Phone No. (850) 784-7772
pleadings@warnerlaw.us
*Counsel for Defendants,*
*Ford and Anglin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed via CM/ECF this 28th day of June 2021, which will send notice to all counsel of record.

***/s/ Jennifer Hawkins***
JENNIFER HAWKINS
Florida Bar No. 17694