UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT GENE WELLS,
    Plaintiff,

v.                          CASE NO.:  5:21-cv19-TKW-MJF

TOMMY FORD, in his official capacity as
SHERIFF of BAY COUNTY, and RICK ANGLIN,
In his supervisor capacity
    Defendants.

---

## DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11, FEDERAL RULES OF CIVIL PROCEDURE

    Defendants, Tommy Ford, in his official capacity as Sheriff of Bay County, Florida, and Rick Anglin, in his supervisory capacity, pursuant to Rule 11(b) and (c), Federal Rules of Civil Procedure, hereby moves this Court for an order imposing sanctions, including, but not limited to, attorneys' fees against Plaintiff, Robert Gene Wells, and his counsel and state:

    1.    On or about February 19, 2021, Robert Wells (hereinafter "Plaintiff"), filed a Complaint (ECF 13) alleging the following against Sheriff Tommy Ford (hereinafter, "Sheriff") and Rick Anglin (hereinafter, "Anglin"):

    Count I: Deliberate Indifference Failure to Protect – Fourteenth Amendment (SHERIFF)

Count II: Deliberate Indifference Failure to Protect – Fourteenth Amendment (ANGLIN)

Count III: Deliberate Indifference to Medical Needs – Fourteenth Amendment (SHERIFF)

Count IV: Deliberate Indifference to Medical Needs – Fourteenth Amendment (ANGLIN)[1]

Count V: Common Law Negligent Training (SHERIFF)

Count VI: Common Law Negligence (SHERIFF)

Count VII: Violations of Title II of the Americans with Disabilities Act (SHERIFF)

2. Plaintiff alleges that his rights were violated while he was at the Bay County Jail (hereinafter, "BCJ"), on or about June 13, 2018, when housed in the protective custody dorm and he was victimized by two other inmates.

3. In Counts I and II, Plaintiff alleges that Sheriff, through his employees and/or agents, and Anglin, in his supervisory capacity, had a duty to protect him from other inmates and detainees, especially in light of his mental and physical conditions, and failed to do so, instead placing him in a protective custody dorm with Tavis Bell and Diontez McCoy, having

---

[1] Count IV was dismissed by Order of the Court. [ECF No. 22]

knowledge of their violent crimes, where Bell and McCoy then victimized Plaintiff.

4. In Count III, Plaintiff alleges that Sheriff was deliberately indifferent to Plaintiff's medical needs by housing him in protective custody rather than in the medical unit or the behavioral observation unit.

5. In Counts V and VI, Plaintiff alleges Sheriff breached his duty of care by failing to properly classify Plaintiff, and Sheriff breached its duty of care by negligently implementing or operating its training program with regard to employees/agents involved in detainee supervision.

6. In Count VII, Plaintiff alleges that Sheriff failed to provide reasonable accommodations for Plaintiff's mental and physical disabilities during the course of incarceration and discriminated against Plaintiff by way of failing to properly classify him and place him in a mental health or medical pod.

7. The depositions taken in this case establish that the allegations and causes of action asserted against Sheriff and Anglin, contained in Plaintiff's Complaint, are frivolous and lack any legal, factual, or evidentiary basis to assert a claim against Sheriff and Anglin. Specifically, the following are undisputed and supported by record evidence:

A) The record evidence demonstrates that Plaintiff was placed in the protective custody dorm, or C-1, which is a dorm designed to protect individuals from the general population. There is not just one criterion used to determine when an inmate is placed in protective custody. [Burkett, P. 16, L:18-23]. Individuals who are accused or convicted of child sex offenses are typically placed in protective custody as well those accused of a high-profile crime involving gang members. [Anglin, P. 7-8, L:15-25, 1-2 & 103-104, L:23-25, 1-25]. Individuals are also placed in protective custody due to being infirm and needing the assistance of a walker or wheelchair. [Anglin, P: 22-8-24]

B) McCoy and Bell were both properly housed in C-1 protective custody due to the nature of their charges. [Anglin, P. 7-8, L:15-25, 1-2 & 103-104, L:23-25, 1-25]. There is no record evidence that Bell nor McCoy specifically targeted Plaintiff, nor had they previously made any threats that they would harm Plaintiff. Record evidence demonstrates that C-1 was a unit with very few problems. [Anglin P. 22, L:18-24].

C) Plaintiff was also properly housed in C-1 protective custody due to his need for additional assistance. [Anglin P. 20, L:13-25].

### Memorandum of Law

The intention of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Massengale*

*v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001) (quoting *Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir. 1987) (en banc)). Rule 11 requires a party to abandon a claim if, after a reasonable opportunity of investigation or discovery, such claim is no longer tenable. *Turner v. Sunguard Business Systems, Inc.,* 91 F.3d 1418, 2422 (11th Cir. 1996) (that contention of a complaint was not frivolous at the time filed does not prevent the trial court from imposing Rule 11 sanctions for continuing to advocate untenable claims). If a party continues to prosecute untenable claims a court may impose appropriate sanctions against the attorneys and parties for violation of Rule 11. *Battles v. City of Ft. Meyers*, 127 F.3d 1298, 1300 (11th Cir. 1997) (Rule 11 allows sanctions when an attorney insists upon a position after it is no longer tenable).

To survive a motion for summary judgment on a deliberate indifference failure to protect claim, "a plaintiff must produce sufficient evidence of (1) a substantial risk of harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). "Merely negligent failure to protect an inmate from attack does not justify liability under section 1983… The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533,

1537 (11th Cir. 1990). Additionally, a prison official must both be aware of facts from which the inference can be drawn that a substantial risk of harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 837 (1994). A failure to protect claim can be based on 1) the inmate being a target of a specific threat or 2) dangerous conditions at the jail. *Est. of Owens v. GEO Grp.*, Inc. 660 F. App'x 763, 769 (11th Cir. 2016). There is no record evidence that Plaintiff was a target of a specific threat, nor that there were dangerous conditions at the jail.

To establish a deliberate indifference claim as to medical needs, a plaintiff must sufficiently allege "both an objectively serious medical need and that a Defendant acted with deliberate indifference to that need." *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008). To meet the first prong, the plaintiff must demonstrate an "objectively serious medical need"—*i.e.*, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention," and, in either instance, "one that, if left unattended, poses a substantial risk of serious harm." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (alteration adopted) (quotations omitted). Deliberate indifference occurs, then, where a prison official both knows of the medical need and either delays care unnecessarily or does not provide care at all.

See *Id.* at 1246. To survive a motion to dismiss, a cause of action for deliberate indifference must adequately plead the existence of three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence. *Hoffer v. Sec'y, Florida Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (citing *Harper v. Lawrence Cty.,* 592 F.3d 1227, 1234 (11th Cir. 2020))[2]; *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir. 2000) (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need."); See also *Hammond v. Theakston*, 2020 WL 6437772 (11th Cir., November 3, 2020). There is no record evidence of medical treatment being denied, rather this is a claim where Plaintiff is alleging failure to protect, thus, this claim cannot be sustained.[3]

"In order to state a Title II claim, a plaintiff generally must prove (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services,

---

[2] In *Hoffer*, footnote 2, the Eleventh Circuit recognized that a panel of the Court "recently suggested that the more than mere negligence standard in *McElligott* is more consistent with *Farmer v. Brennan* than the more than gross negligence standard in *Townsend*." (internal quotations and citation omitted). However, the Court noted that the "competing articulations – 'gross' vs. 'mere' negligence – may well represent a distinction without a difference…" based on an interpretation by the Supreme Court.

[3] See Court's ruling on Anglin's Motion to Dismiss [ECF No. 22]

programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Bircoll v. Miami-Dade Cty.,* 480 F.3d 1072, 1083 (11th Cir. 2007) (citing 42 U.S.C. § 12132). Additionally, as Plaintiff is seeking compensatory damages, he must prove that Sheriff engaged in intentional discrimination, with a showing of 'deliberate indifference.' *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019). Title II of the ADA has been held to apply to a disabled prisoner where he is denied participation in an activity or program provided in a state prison due to his disability. *Bricoll,* 480 F.3d at 1081, citing *Pennsylvania Dept. of Corr. v. Yeskey,* 524 U.S. 206, 21 (1998). Additionally, the Department of Justice has promulgated regulations implementing Title II's prohibition against discrimination, stating that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modification would fundamentally alter the nature of the service, program, or activity." *Id*. The reasonable accommodation requirement does not apply under Title II, rather just the reasonable modification requirement, such that a jail or prison must make reasonable modifications in policies, practices, or procedures when the

modifications would fundamentally alter the nature of the service, program, or activity. *Lewis v. Cain*, 3:15-CV-318, 2021 WL 1219988, at *43 (M.D. La. Mar. 31, 2021), *reconsideration denied,* CV 15-318-SDD-RLB, 2021 WL 5287856 (M.D. La. Oct. 8, 2021). There is no record evidence to support Plaintiff was denied any reasonable modifications due to any disability, rather, he was placed in C-1, protective custody, as a reasonable modification due to his physical and mental limitations.

## Conclusion

Plaintiff has no factual or legal basis for continuing to prosecute his claims against Sheriff.  Both Plaintiff and his counsel are on notice and the record clearly establishes the flaws in Plaintiff's claims.

WHEREFORE, Defendant Sheriff and Anglin request this Court to enter an order granting this motion and imposing sanctions, pursuant to Rule 11(c), including reasonable attorney's fees and expenses, against Plaintiff Wells and his counsel.

DATED this 26th day of April 2021.

WARNER LAW FIRM, P. A.
***/s/ Jennifer A.J. Hawkins***
JENNIFER A.J. HAWKINS
Florida Bar No. 0017694
TIMOTHY M. WARNER
Florida Bar No. 0642363
501 W. 11th St. Suite A
Panama City, FL  32401
Phone No. (850) 784-7772
pleadings@warnerlaw.us
*Attorney for Defendants,*
*Sheriff Tommy Ford and*
*Rick Anglin*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

The undersigned hereby certifies that she complied with the attorney-conference requirement of Local Rule 7.1(B), regarding the filing of this Motion by serving this Motion on Plaintiff', by serving a copy of this Motion on Plaintiff's counsel via email on April 26, 2022, as required by the 21-day safe-harbor period of Rule 11, Fed. R. Civ. P.  Counsel for Plaintiff has not responded or taken any action within that 21-day safe-harbor time; therefore, undersigned counsel presumes that Plaintiff opposes this Motion.

## CERTIFICATE OF SERVICE TO INITIATE SAFE HARBOR PERIOD

I HEREBY CERTIFY that a true copy of the foregoing was served on Plaintiff's counsel on April 26, 2022, via CM/ECF but not filed with the Court on that date, as required by the provisions of Rule 11, Fed. R. Civ. Proc.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing motion and memorandum is 1,821 words in length.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 26th day of April, 2022, via email to all counsel of record.

*/s/ Jennifer A.J. Hawkins*
JENNIFER A.J. HAWKINS
Florida Bar No. 0017694