UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ROBERT GENE WELLS,**

>    **Plaintiff,**

**v.**                                                          **Case No. 5:21cv19-TKW-MJF**

**SHERIFF TOMMY FORD**
and **RICK ANGLIN,**

>    **Defendants.**

_____/

## <u>ORDER TO SHOW CAUSE</u>

This case is before the Court based on Defendants' motion for attorney and

expert witness fees (Doc. 77).  The motion seeks a determination that Defendants

are entitled to fees under both 42 U.S.C. §1988 and Fed. R. Civ. P. 11.[1]  The motion

represents that Plaintiff "objects to the relief sought in the Motion," but Plaintiff did

---

[1]  Arguably, the motions should have been filed as separate documents because Fed. R. Civ. P. 11(c)(2) provides that "[a] motion for sanctions must be made separately from any other motion." Noncompliance with that requirement has been described as a "fatal defect." *See, e.g.*, *O'Boyle v. Sweetapple*, 2016 WL 9559919, at *3-4 (S.D. Fla. Feb. 22, 2016) (denying Rule 11 motion as "procedurally defective" because it was combined with a motion seeking fees under §1988). However, there is also persuasive authority for the proposition that combining motions for fees under Rule 11 and other statutes does not violate this requirement.  *See Ridder v. City of Springfield*, 109 F.3d 288, 294 n.7 (6th Cir. 1997) ("[T]his requirement [in Rule 11(c)(2)] is intended to highlight the sanctions request by preventing it from being tacked onto or buried in motions on the merits, such as motions to dismiss or for summary judgment. The requirement does not foreclose combining a Rule 11 request with other provisions regulating attorney behavior, such as § 1988 and § 1927.  To require [the movant] to request Rule 11 sanctions separate from other requests for attorney fees based on the same conduct would amount to needless duplication of paper, time, and effort, for practitioners as well as the courts.").

not file a memorandum in opposition to the motion within the time prescribed by Local Rule 7.1(E).

The Court could grant the motion by default under Local Rule 7.1(H), but before the Court does so, the Court will give Plaintiff an opportunity to explain why no memorandum in opposition was filed and explain why she "objects" to the relief requested in the motion.  Accordingly, it is

**ORDERED** that Plaintiff shall have 7 days from the date of this Order to show cause why Defendants' fee entitlement motion should not be granted.  Failure to respond will result in an order granting the motion by default under Local Rule 7.1(H), with jurisdiction being reserved to determine the amount of the fee award in accordance with Local Rule 54.1(E)-(G).

**DONE and ORDERED** this 15th day of September, 2022.

_____

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**